UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JEAN P. SIMON, M.D., : Civ. No.: 07-cv-11426 (SAS)
:
              Plaintiff, :
:
  -against- :
:
UNUM, UNUM PROVIDENT, PROVIDENT LIFE :
AND CASUALTY INSURANCE COMPANY, THE :
PAUL REVERE LIFE INSURANCE COMPANY, :
FIRST UNUM LIFE INSURANCE COMPANY, :
PROVIDENT LIFE AND ACCIDENT :
INSURANCE COMPANY AND :
UNUMPROVIDENT CORPORATION, :
:
             Defendants. :
- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- -- X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT

                                                  White and Williams, LLP
                                                  One Penn Plaza
                                                  18th Floor, Suite 1801
                                                  New York, New York 10119
                                                  Phone: 212-244-9500
                                                  Fax: 212-244-6200
                                                  *Attorneys for Defendants Unum, Unum Provident, Provident Life and Casualty Insurance Company, The Paul Revere Life Insurance Company, First Unum Life Insurance Company, Provident Life and Accident Insurance Company and UnumProvident Corporation*

*On the brief:*
Andrew I. Hamelsky, Esq.
Rebecca J. Waldren, Esq.

PHLDMS1 4307578v.2

# TABLE OF AUTHORITIES

**Case**                                                                                                 Page

*Arbor Hills Concerned Citizens Neighborhood Association
v. City of Albany,* 250 F.Supp.2d 48, 62 (N.D.N.Y. 2003)
(quoting *Community Bd. 7 of Borough of Manhattan v.
Schaffer,* 84 N.Y.2d 148, 155 (N.Y. 1994) ……………………....................   4

*Dekel v. UnumProvident Corp.,* 2007 WL 812968,
at *2 (E.D.N.Y. 2007) ……………………………………………………….   7

*Fekete v. GA Ins. Co. of N.Y.*, 719 N.Y.S.2d 52, 53
(1st Dep't 2001) …………………………………………………………….   8

*Gaidon v. Guardian Life Ins. Co. of Am.*,
94 N.Y.2d 330, 344 (1999) ………………………………………………..   8

*Howell v. New York Post Co.*, 81 N.Y.2d 115, 125 (N.Y. 1993) …………………..   9
*MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582,
586 (E.D.N.Y. 1997) ………………………………………………………   8

*Oswego Laborers' Local 214 Pension Fund v.
Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (N.Y. 1995) …………………………. 7, 8

*Polidoro v. Chubb Corp.,* 386 F.Supp.2d 334, 338 (S.D.N.Y. 2005) ……………..  10
*Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603,

612 N.Y.S.2d 339 (N.Y. 1994) …………………………………………………….   7

*Shapiro v. Berskshire Life Ins. Co.*, 212 F. 3d 121,
127 (2d Cir. 2000) ………………………………………………………….   8

*Sichel v. UNUM Provident Corp.*,  230 F.Supp.2d 325,
328 (S.D.N.Y. 2002) ……………………………………………………….  10

*Walker v. Sheldon,* 10 N.Y.2d 401 (N.Y. 1961) …………………………………  10


## PRELIMINARY STATEMENT

Defendants Unum, Unum Provident, Provident Life and Casualty Insurance Company, The Paul Revere Life Insurance Company, First Unum Life Insurance Company, Provident Life and Accident Insurance Company and UnumProvident Corporation (collectively, the "Defendants") submit this reply memorandum of law in support of their motion to dismiss certain Defendants and claims from the Amended Complaint (the "Complaint", attached as **Exh. A** in Defendants' Memorandum of Law of 4/19/08[1]) of Plaintiff Jean P. Simon, M.D. ("Plaintiff") filed on March 27, 2008.

Plaintiff brought suit against Defendants based upon his claim that he is entitled to "total disability" benefits under two income disability policies issued to Plaintiff in 1993 and 1995. (Hereinafter referred to as "Policies" attached in **Exh. A**.)

Defendants' reiterate that this Motion to Partially Dismiss Plaintiff's Amended Complaint is based upon clear case law and policy language and terms that Plaintiff agreed to when he took out his disability Policies.  In contrast, Plaintiff's Opposition is based upon conjecture and is sorely lacking any basis in New York law.

Notwithstanding Plaintiff's misguided attempts to aggrandize this lawsuit, this dispute is merely a breach of contract claim against no more than two of the Defendants named herein. Each of the claims outlined below lacks sufficiently clear allegations to overcome this motion to dismiss.  Consequently, Plaintiff's insufficient claims and improper Defendants should be dismissed from this action in their entirety.

---

[1] All footnotes referenced as "Exh." will herein refer to exhibits attached to Defendants' Memorandum of Law of 4/19/08.

**STATEMENT OF FACTS**

Defendants hereby incorporate by reference the Statement of Facts included in Defendant's Memorandum of Law of April 16, 2008.

**ARGUMENT**
**POINT I:  THE UNINVOLVED AND UNRELATED DEFENDANTS MUST BE DISMISSED**

In his complaint, Plaintiff named a vast group of Defendants that have no relationship to Plaintiff.  In his opposition to this motion, Plaintiff does not cite to a single case to dispute Defendants' argument that the uninvolved and unrelated defendants must be dismissed.  Instead, Plaintiff states that "it is undeniable that UNUM Provident Life and Casualty is a predecessor-in-interest to several upstream and/or downstream companies, some of which are named in this action." (*Plaintiff's Opp., p. 9.*)  This allegation is nonsensical and has no basis in law or fact.  New York law does not support the notion of suing "upstream and/or downstream companies."

Defendants agree that Provident Life and Casualty Insurance Company ("Provident") issued the Policies to Plaintiff, and as such, Provident is a proper party to this suit.  However, additionally named as defendants are The Paul Revere Life Insurance Company, Unum, UnumProvident, First Unum Life Insurance Company, and Provident Life and Accident Insurance Company, which are not proper parties to this action (hereinafter, "the Uninvolved Defendants").  It should be noted that "Unum" and "Unum Provident" are not corporate entities.  The Uninvolved Defendants never corresponded with Plaintiff and had absolutely no involvement with Plaintiff or his policies.  Presumably, if the Uninvolved Defendants had ever corresponded or had any involvement with Plaintiff, Plaintiff would have provided proof when it attached other correspondence to his opposition to this motion.  However, Plaintiff could not supply any such proof because there never was any correspondence.  Moreover, Plaintiff still

-3-

does not so much as assert any direct or indirect involvement by those entities in this action or any possible control relationship between those entities and Provident.

As noted, "Unum" and "Unum Provident" are not corporate entities that have been duly organized under the law of any state. As such, they have no legal capacity and cannot be sued and therefore, should also be dismissed from the Complaint in addition to the Uninvolved Defendants. Under Rule 17(b) of the Federal Rules of Civil Procedure, the "capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." The capacity to sue or be sued "'depends purely upon a litigant's status.'" *Arbor Hills Concerned Citizens Neighborhood Association v. City of Albany,* 250 F.Supp.2d 48, 62 (N.D.N.Y. 2003) (quoting *Community Bd. 7 of Borough of Manhattan v. Schaffer,* 84 N.Y.2d 148, 155 (N.Y. 1994). Plaintiff's reply to this statement of law is that "Unum" and "Unum Provident" appear on letterhead. Unfortunately for Plaintiff, an entity's choice in styling letterhead does not create a legal entity and does not defeat clear settled case law.

New York case law is clear that in terms of legal responsibility, parent, subsidiary, or affiliated corporations are treated separately and independently, and one will not be held liable for the contractual obligations of the other. *See Alexander & Alexander of New York v. Fritzen*, 114 AD2d 814 (1st Dept 1985), *order aff'd*, 68 NY2d 968 (1986); s*ee also Continental U.K. Ltd. v. Anagel Confidence Compania Naviera, S.A.*, 658 F. Supp. 809, 815-816 (S.D.N.Y. 1987) ("Subsidiaries of the same parent are not necessarily bound to each others' contractual obligations."). Based upon clear law, all of the named Defendants, besides UnumProvident Corporation and Provident, must be dismissed from this Complaint because they do not belong in this suit and Plaintiff has not pointed to a single authority proving otherwise.

## POINT II:  THE FRAUD CLAIM MUST BE DISMISSED

Plaintiff's claim alleging fraud against Defendants must be dismissed because Plaintiff failed to plead the elements of fraud.  As previously stated in Defendants' Memorandum of Law of April 16, 2008, under Rule 9 (b) a party alleging fraud "must state **with particularity** the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9 (b) (emphasis added).  Plaintiff has ridiculously tried to meet this burden of law by making broad-stroked claims and using absurd analogies which merely illustrate how inadequate Plaintiff's fraud claim is.  Instead of pleading any facts with particularity, Plaintiff states that "UNUM has intentionally engaged in a 'bait and switch'" and "Unum was knowingly substituting Dr. Simon's Cadillac as if it were a Chevy Nova."  Plaintiff's cute analogies must not blind this Court to the fact that at no point has Plaintiff plead the elements of fraud against Defendants.

In a curious attempt to defend his fraud claim, in Plaintiff's Opposition brief, Plaintiff includes a comparison between an "own occupation" policy and an "any occupation" policy. Plaintiff specifically states that "[i]f Dr. Simon can perform the duties of *some* unrelated medical occupation, such as inspecting toenail fungus or serving as an expert witness, then he is not 'totally disabled' under an 'any occupation' disability policy." (*Plaintiffs Opp., p. 11*.)  Again, this superfluous discourse has no bearing on a claim for fraud or any aspect of this case.

Defendants investigated Plaintiff's claim for total disability pursuant to terms of his Policies.  Defendants did not try to determine if Plaintiff could perform *any* occupation.  Instead, Defendants sought to determine the type of work that Plaintiff was engaged in prior to his claimed disability.  Based upon all of the information provided to Defendants, "it was concluded that [Plaintiff's] pre-disability practice was more focused on Gynecology services rather than

-5-

Obstetrical services." (*See Defendants' Claim Decision Letter*, attached hereto as **Exh. C**, p. 5.) Although Plaintiff has put a remarkable emphasis on his duties of an obstetrician, in fact, he averaged only 2 – 2 ½ deliveries per month in the period prior to his alleged disability. (*See* **Exh. C**, p. 4.) Defendants thereafter concluded, based upon all of the information it gathered, that Plaintiff has "demonstrated the ability to perform many of the substantial and material duties in [his] pre-disability occupation, and [his] earnings on an annual basis appear to have increased." (*See* **Exh. C**, p. 8.). Defendants focus was on Plaintiff's ability to the substantial and material duties of his own occupation and it was never on such ridiculous investigations such as whether Plaintiff could clip toenails. Instead, Defendants denied Plaintiff claim based on the language of his own Policies because Plaintiff continued to perform the duties of his own occupation.

Interestingly, to further bolster the absurd claim of fraud, Plaintiff has complained that Defendants "required that he produce copies of his 2002 and 2003 business and personal tax returns…" (*Plaintiffs Opp., p. 11*.) However, Plaintiff is objecting to terms which he agreed to under the Policies. The governing policy language is clear, as it plainly states:

> We can require any proof which we consider necessary to determine your Current Monthly Income and Prior Monthly Income. Also, we or an independent accountant retained by us shall have the right to examine your financial records as often as we may reasonably require.

(*Residual Disability/Recovery Benefits Definition in Policies*, attached on p.9 of Policy 36-337-6084608 and p.11 of Policy 36-1737-6122493, **Exh. A**.) Plaintiff cannot make a claim for "total disability" benefits, thereby availing himself of some terms of the Policies, only to later complain that Defendants have improperly sought to obtain information contemplated by the terms of those same Policies. Plaintiff has not alleged that the Policies are invalid. Therefore, based upon Plaintiff's signatures on the Applications and acceptance of the Policies, Plaintiff may not now object or try to claim "fraud" because Defendants requested the financial information covered by

-6-

the Policies and necessary to make a determination with regards to Plaintiff's claim for disability.

Interestingly, the only case Plaintiff cites in support of his fraud claim actually does nothing but bolster the fact that Plaintiff's claim of fraud is invalid. In *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 612 N.Y.S.2d 339 (N.Y. 1994), the court determined that the plaintiff Rocanova could not maintain a claim for punitive damages because he failed to demonstrate that he was "personally aggrieved by tortious conduct arising out of his contractual relationship with Equitable." In fact, that court noted that the lower court "dismissed Rocanova's fraud claim on the ground that a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations."

Based on the foregoing and the controlling case law previously cited in Defendant's Memorandum of Law, Plaintiff's claim of fraud must be dismissed.

## POINT III:  THE CONSUMER FRAUD CLAIM MUST BE DISMISSED

Count Four of the Complaint, alleging consumer fraud, must be dismissed. Plaintiff has argued that because his own occupation Policies were "standard" then the commercial fraud claim should stand. However, sufficiently lacking is any argument or proof that (i) the practice is consumer-oriented and not a private contract dispute and (ii) the Defendants engaged in a deceptive practice likely to mislead the reasonable consumer, and Plaintiff was injured by such practice. *Dekel v. UnumProvident Corp.,* 2007 WL 812968, at *2 (E.D.N.Y. 2007). These two prongs must be alleged in order to state a claim under New York General Business Law § 349 ("GBL § 349").

Once again, Plaintiff has alleged a cause of action against Defendants without alleging any of its elements. Instead, Plaintiff cites to *Oswego Laborers' Local 214 Pension Fund v.*

-7-

*Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (N.Y. 1995) (case involving a bank providing "for profit" accounts to "non profit" customers), which clearly has no bearing upon this case. In the insurance context, the decision of an insurer to deny a claim is not deceptive, even if that decision is mistaken. *See Shapiro v. Berskshire Life Ins. Co.*, 212 F. 3d 121, 127 (2d Cir. 2000).

Plaintiff has tried to allege that his claims against Defendants are based upon "standard" policies, however it is clear that his issues arise from his particular Policies and the processing of his particular claim. New York case law regarding these set of facts is clear. To sustain a cause of action under GBL § 349, the plaintiff must allege a "deceptive act or practice that is 'consumer oriented.'" *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (1999). Basically, "the injury must be to the public generally as distinguished from the plaintiff alone." *MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997). A private contract dispute that concerns "policy coverage and the processing of a claim that is unique to the parties does not fall within the ambit of General Business Law § 349." *Fekete v. GA Ins. Co. of N.Y.*, 719 N.Y.S.2d 52, 53 (1st Dep't 2001).

New York law does not permit an action under GBL § 349 if such an action involves a private contract dispute. Therefore, based upon the clear controlling case law and the lack of any proper allegations, Plaintiff's consumer fraud claim must be dismissed.

### POINT IV:  THE INTENTIONAL INFLICTION OF EMOTION DISTRESS CLAIM MUST BE DISMISSED

Count Five of the Complaint, alleging Intentional Infliction of Emotional Distress, must fail as a cause of action in this case. As grounds for this cause of action, Plaintiff has contended that Defendants' requested documents and records which were not "necessary." However, the language of the Policies clearly states that financial records are necessary to determine monthly income and prior monthly income. (*See Point II, supra.*) Once again, Plaintiff cannot base a

-8-

cause of action against Defendants based on policy language that Plaintiff does not believe is 'necessary'. In fact, the case Plaintiff cites, *Howell v. New York Post Co.*, explicitly states this point. In *Howell*, the court cited the *Restatement of Torts § 46* and noted that "privileged conduct could not be the basis for liability." 81 N.Y.2d 115, 125 (N.Y. 1993). The court further cited the comments to the *Restatement of Torts § 46* (*comment g*) and noted:

> The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is **never** liable, for example, where [the actor] has done no more than to insist upon his [or her] **legal rights in a permissible way,** even though he [or she] is wellaware (sic) that such insistence is certain to cause emotional distress.

*Id*. at 125-126. (emphasis added). Clearly, Defendants have done no more than request the financial information that it had a legal right to obtain as agreed to by Plaintiff's under the terms of the Policies. As such, Defendants privileged conduct cannot be the basis for Plaintiff's claim of liability for intentional infliction of emotional distress.

Defendants acted according to the terms of the Policies. Defendants were entitled to the documents it requested in order to investigate Plaintiff's claim of disability. Based upon the foregoing, and the fact that New York law does not recognize a claim of intentional infliction of emotional distress in a breach of contract action, the Fifth Count must be dismissed.

### POINT V: THE BAD FAITH CLAIM MUST BE DISMISSED

Count Two of the Complaint, whether it is seen as the bad faith claim it is, or a claim of breach for good faith and fair dealing, it must nevertheless be dismissed. Plaintiff still does not sufficiently allege any egregious tortious conduct on the part of Defendants to support this claim. Once again, Plaintiff complains that Defendants "indudat[ed] Dr. Simon with unduly burdensome, irrelevant and unreasonable requests for information" – the exact information Plaintiff previously agreed to provide Defendants when he signed the Policies.

-9-

Yet again, Plaintiff has not alleged the elements of this cause of action against Defendants. *See Sichel v. UNUM Provident Corp.*, 230 F.Supp.2d 325, 328 (S.D.N.Y. 2002). Likewise, pursuant to *Walker v. Sheldon,* 10 N.Y.2d 401 (N.Y. 1961), the Court of Appeals has held that a bad faith claim may only be alleged when the fraud or deceit was aimed at the public generally (as opposed to plaintiff himself) and where "the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations." Plaintiff has not alleged any conduct by Defendants which even begins to approach this threshold.

Additionally, Plaintiff's claim is barred under New York law, as allegations of bad faith conduct in handling insurance claims are not a cognizable cause of action. *See Polidoro v. Chubb Corp.,* 386 F.Supp.2d 334, 338 (S.D.N.Y. 2005). Moreover, Plaintiff has not even attempted to establish that there was some obligation between the parties that is separate and distinct from the contractual obligation. Accordingly, the Second Count must be dismissed.

## CONCLUSION

Based on the foregoing and based upon the papers duly submitted by Defendants on April 16, 2008, Defendants respectfully request that this Court issue an order partially dismissing certain claims and certain Defendants set forth in the Amended Complaint, in their entirety with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: May 29, 2008

Respectfully submitted,

By: /s/ Andrew I. Hamelsky_____
Andrew I. Hamelsky
WHITE AND WILLIAMS, LLP
Attorneys for Defendants
One Penn Plaza, 18th Floor, Suite 1801
New York, New York 10119
(212) 244-9500

-10-