UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
JEAN P. SIMON, M.D.,                    : Civ. No.: 07-cv-11426 (SAS)
                                        :
        Plaintiff,                      :
                                        : **ANSWER, AFFIRMATIVE**
  -against-                            : **DEFENSES AND JURY DEMAND**
                                        :
UNUM GROUP F/K/A UNUMPROVIDENT          :
CORPORATION AND, PROVIDENT LIFE AND     :
CASUALTY INSURANCE COMPANY,             :
                                        :
        Defendants.                     :
---------------------------------X

Defendant, Unum Group ("Unum") and Provident Life and Casualty Insurance Company ("Provident") (here and after collectively known as "defendants"), by and through their attorneys White and Williams LLP, hereby provide the following Answer to plaintiff's Amended Complaint filed in the within action.

## NATURE OF ACTION

1. Defendants admit that Plaintiff brought the within action but denies the remaining allegations of the first paragraph of the Amended Complaint.

2. Defendants deny the allegation contained in the second paragraph of the Amended Complaint.

3. Defendants deny the allegations contained in the third paragraph of the Amended Complaint and by way of further answer all allegations pertaining to fraud have been dismissed pursuant to Court Order dated June 18, 2008.

4. Defendants deny the allegations contained in the forth paragraph of the Amended Complaint.

## THE PARTIES

5. Upon information and belief defendants admit the allegations contained in the fifth paragraph of the Amended Complaint.

6. Defendants, admit the allegations contained in the sixth paragraph of the Amended Complaint.

## JURISDICTION AND VENUE

7. Defendants admit the allegations contained in the seventh paragraph of the Amended Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eighth paragraph of the Amended Complaint.

9. Defendants admit that venue is proper but deny the remaining allegations contained in the ninth paragraph of the Amended Complaint.

## FACTS COMMON TO ALL ACCOUNTS
## DR. SIMON'S EDUCATIONAL AND EMPLOYMENT HISTORY

10. Defendants admit that Simon performed, among other things, duties related to the field of "OB/GYN" but leaves plaintiff to his proofs regarding the remaining allegations contained in the tenth paragraph of the Amended Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Amended Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Amended Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Amended Complaint.

### DR. SIMON'S DUTIES AND RESPONSIBILITIES AS AN OB/GYN

14. Defendants deny the allegations contained in the fourteenth of the Amended Complaint.

15. Defendants deny the allegations contained in the fifteenth of the Amended Complaint.

16. Defendants admit that plaintiff may at times performed caesarian sections but deny the remaining allegations contained in the sixteenth paragraph of the Amended Complaint.

17. Defendants admit that plaintiff performed gynecological duties but deny that the remaining allegations contained in the seventeenth paragraph of the Amended Complaint.

### DR. SIMON'S CONTRACT WITH UNUM

18. Defendants admit that on January 1, 1993 plaintiff purchased a disability policy from Provident but deny the remaining allegations contained in the eighteenth paragraph of the Amended Complaint.

19. Defendants admit that plaintiff purchased two disability policies from Provident. By way of further answer, defendants state that the policies are written documents which speaks for themselves and not otherwise. To the extent that the allegations contained in paragraph nineteen of the Amended Complaint represent a partial characterization of the terms and conditions of said policies, defendants deny such allegations, leaving plaintiff to his proofs thereon.

20. Defendants deny the allegations contained in the twentieth paragraph of the Amended Complaint.

21. Defendants admit that the policies issued by Provident contain definitions for "total disability".  By way of further answer, defendants state that the policies are written documents which speaks for themsevles and not otherwise.  To the extent that the allegations contained in paragraph twenty-one of the Amended Complaint represent a partial characterization of the terms and conditions of said policies, defendants deny such allegations, leaving plaintiff to his proofs thereon.

22. Defendants admit that plaintiff purchased two Provident policies which define "total disability".  By way of further answer, defendants state that the policies are written documents which speak for themselves and not otherwise.  To the extent that the allegations contained in paragraph twenty-two of the Amended Complaint represent a partial characterization of the terms and condition of said policies, defendants deny such allegations, leaving plaintiff to his proofs thereon.

**DR.SIMON'S "TOTAL DISABILITY"**

23. Defendants deny the allegations contained in the twenty-third paragraph of the Amended Complaint.

24. Defendants admit that plaintiff suffered an abscess/cellulitis of the left hand but deny the remaining allegations contained in the twenty-fourth paragraph of the Amended Complaint.

25. Defendants admit that plaintiff was treated, in part, by Dr. Scott Wolfe and leaves plaintiff to his proofs regarding the remaining allegations contained in the twenty-fifth paragraph of the amended complaint.

26. Defendants admit that plaintiff had surgery on his left hand but leave plaintiff to his proofs concerning the allegations contained in the twenty-sixth paragraph of the Amended Complaint.

27. Defendants admit that plaintiff had an incision on his left hand but leaves plaintiff to his proofs regarding the remaining allegations contained in the twenty-seventh paragraph of the Amended Complaint.

28. Defendants admit that plaintiff underwent surgery but leaves plaintiff to his proofs regarding the remaining allegations contained in the twenty-eighth paragraph of the Amended Complaint.

29. Defendants admit that Dr. Simon was discharged from the hospital but leaves plaintiff to his proofs regarding the remaining allegations contained in the twenty-ninth paragraph of the Amended Complaint.

30. Defendants admit that plaintiff underwent hand therapy and leaves plaintiff to his proofs regarding the remaining allegations contained in the thirtieth paragraph of the Amended Complaint.

31. Defendants admit that plaintiff sought treatment Dr. Wolfe and sought an opinion with Dr. Glickel and leaves plaintiff to his proofs regarding the remaining allegations contained in the thirty-first paragraph of the Amended Complaint.

32. Defendants deny the allegations contained in the thirty-second paragraph of the Amended Complaint.

33. Defendants deny the allegations contained in the thirty-third paragraph of the Amended Complaint.

34. Defendants deny the allegations contained in the thirty-fourth paragraph of the Amended Complaint.

PHLDMS1 4459064v.2

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirty-fifth paragraph of the Amended Complaint.

36. Defendants deny the allegations contained in the thirty-sixth paragraph of the Amended Complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the thirty-seventh paragraph of the Amended Complaint.

## **UNUM HAS FRAUDULENTLY REFUSED TO HONOR ITS OBLIGATION UNDER THE UNUM POLICY**

38. Defendants deny the allegations contained in the thirty-eighth paragraph of the Amended Complaint.

39. Defendants deny the allegations contained in the thirty-ninth paragraph of the Amended Complaint.

40. Defendants admit that plaintiff submitted an administrative appeal but deny the remaining allegations contained in the fortieth paragraph of the Amended Complaint.

41. Defendants admit that plaintiff's administrative appeal was denied.

42. Defendants deny the allegations contained in the forty-second paragraph of the Amended Complaint.

43. Defendants deny the allegations contained in the forty-third paragraph of the Amended Complaint and said allegations concerning fraud have been dismissed by order of this Court on June 18, 2008.

44. Defendants deny the allegations contained in the forty-fourth paragraph of the Amended Complaint.

45. Defendants deny the allegations contained in the forty-fifth paragraph of the Amended Complaint.

46. Defendants deny the allegations contained in the forty-sixth paragraph of the Amended Complaint and said allegations concerning emotional distress have been dismissed by order of this Court on June 18, 2008.

47. Defendants deny the allegations contained in the forty-seventh paragraph of the Amended Complaint and by Order of this Court of June 18, 2008, all allegations regarding fraud have been dismissed.

48. Defendants deny the allegations contained in the forty-eighth paragraph of the Amended Complaint.

49. Defendants deny the allegations contained in the forty-ninth paragraph of the Amended Complaint

50. Defendants deny the allegations contained in the fiftieth paragraph of the Amended Complaint.

51. Defendants deny the allegations contained in the fifty first paragraph of the Amended Complaint.

52. Defendants deny the allegations contained in the fifty-second paragraph of the Amended Complaint.

53. Defendants admit that plaintiff underwent an independent medical evaluation but deny the remaining allegations contained in the fifty-third paragraph of the Amended Complaint.

54. Defendants admit that a functional capacity evaluation was not performed nor was plaintiff examined by an OB/GYN but deny the remaining allegations contained in the fifty-fourth paragraph of the Amended Complaint.

55. Defendants deny the allegations contained in the fifty-fifth paragraph of the Amended Complaint.

56. Defendants deny the allegations contained in the fifty-sixth paragraph of the Amended Complaint.

57. Defendants deny the allegations contained in the fifty-seventh paragraph of the Amended Complaint.

58. Defendants deny the allegations contained in the fifty-eighth paragraph of the Amended Complaint.

59. Defendants deny the allegations contained in the fifty-ninth paragraph of the Amended Complaint.

60. Defendants deny the allegations contained in the sixtieth paragraph of the Amended Complaint.

61. Defendants deny the allegations contained in the sixty-first paragraph of the Amended Complaint and by order of this Court on June 18, 2008, all allegations concerning fraud have been dismissed.

62. Defendants deny the allegations contained in the sixty-second paragraph of the Amended Complaint.

63. Defendants deny the allegations contained in the sixty-third paragraph of the Amended Complaint.

64. Defendants deny the allegations contained in the sixty-fourth paragraph of the Amended Complaint..

65. Defendants deny the allegations contained in the sixty-fifth paragraph of the Amended Complaint.

66. Defendants deny the allegations contained in the sixty-sixth paragraph of the Amended Complaint.

67.  Defendants deny the allegations contained in the sixty-seventh paragraph of the Amended Complaint.

68.  Defendants deny the allegations contained in the sixty-eighth paragraph of the Amended Complaint.

69.  Defendants deny the allegations contained in the sixty-ninth paragraph of the Amended Complaint.

70.  Defendants deny the allegations contained in the seventieth paragraph of the Amended Complaint.

71.  Defendants deny the allegations contained in the seventy-first paragraph of the Amended Complaint.

## CLAIMS AND DAMAGES

## COUNT ONE

### (Breach of Contract)

72.  Defendants repeat and reiterate each and every answer to the allegations contained in paragraphs one through the seventy-first paragraph of the Amended Complaint as if set fourth at length herein.

73.  Defendants deny the allegations contained in the seventy-third paragraph of the Amended Complaint.

74.  Defendants deny the allegations contained in the seventy-fourth paragraph of the Amended Complaint.

75.  Defendants deny the allegations contained in the seventy-fifth paragraph of the Amended Complaint.

76.  Defendants deny the allegations contained in the seventy-sixth paragraph of the Amended Complaint.

## COUNT TWO

### (Breach of Covenant of Good Faith and Fair Dealing)

77-80   The allegations contained in Count Two of the Amended Complaint have been dismissed by order of this Court on June 18, 2008 and as such defendants are under no obligation to answer same. By further answer, defendants deny all allegations contained in these paragraphs of the Amended Complaint.

## COUNT THREE

### (Fraud)

81-87.  The allegations contained in Count Three of the Amended Complaint have been dismissed by order of this Court on June 18, 2008 and as such defendants are under no obligation to answer same. By further answer, defendants deny all allegations contained in these paragraphs of the Amended Complaint.

## COUNT FOUR

### (Consumer Fraud)

88.   Defendants repeat and reiterate each and every answer to the allegations contained in paragraphs one through eighty-seven of the Amended Complaint as if fully set forth at length herein.

89.   Defendants deny the allegations contained in eighty-ninth paragraph of the Amended Complaint

90.   Defendants deny the allegations contained in the ninetieth paragraph of the Amended Complaint.

91.   Defendants deny the allegations contained in paragraph ninety-one of the Amended Complaint.

92. Defendants deny the allegations contained in the ninety second paragraph of the Amended Complaint.

93. Defendants deny the allegations contained in the ninety third paragraph of the Amended Complaint.

94. Defendants deny the allegations contained in the ninety forth paragraph of the Amended Complaint.

95. Defendants deny the allegations contained in the ninety fifth paragraph of the Amended Complaint.

96. Defendants deny the allegations contained in the ninety sixth paragraph of the Amended Complaint.

97. Defendants deny the allegations contained in the ninety seventh paragraph of the Amended Complaint.

## COUNT FIVE

### (Intentional Infliction Of Emotional Distress)

98-105. The allegations contained in Count Five of the Amended Complaint have been dismissed by order of this Court on June 18, 2008 and as such defendants are under no obligation to answer same. By further answer, defendants deny all allegations contained in these paragraphs of the Amended Complaint.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff, dismissing the amended complaint and awarding defendants costs, fees, expenses, attorneys' fees, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

PHLDMS1 4459064v.2

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint and claims for relief are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint and claims for relief are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Defendants have not breached any duty owed to plaintiff.

### FIFTH AFFIRMATIVE DEFENSES

Defendants acted in accordance with all the contractual terms and conditions set forth in the policy issued to him by Provident.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not and was not totally disabled pursuant to the terms and conditions of the disability insurance policies issued to him by Provident.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff can perform the substantial and material duties of his occupation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any benefits pursuant to the Provident policies issued to him.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a determination that he receive future long-term disability benefits.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has no privity of contract with Unum and thus no cause of action against them.

**ELEVENTH AFFIRMATIVE DEFENSE**

The denial of plaintiff's claim under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and thus constitutes a complete defense to the within cause of action.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a bad faith damage in an insurance contract dispute as defendants acted in accordance with the expressed and applied terms of the conditions of the policies.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages in an insurance contract dispute as defendants acted in accordance with the expressed and applied terms of the conditions of the policies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim fails to state a cause of action under General Business Law Section 349.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to set forth a cause of action for any allegations that defendants acted in a deceptive manner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to set forth a cause of action under General Business Law Section 349 in that it does not set forth that defendant's conduct was "consumer-oriented".

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations under the General Business Law Section 349 are barred as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants denial of plaintiff's claim is not an act or practice that has a broad impact on the consumer at large.

## NINETEENTH AFFIRMATIVE DEFENSE

The Provident policies are unique to the parties and do not fall within Section 349 of the New York Business Law.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant's denial of plaintiff's claim was neither deceptive or misleading.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendants hereby demand a trial by jury as to all issues so triable.

Dated: July 21, 2008

    /s/ Andrew I Hamelsky
Andrew I. Hamelsky (AH-6643)
WHITE AND WILLIAMS LLP
Attorneys for Defendants
One Penn Plaza, 18th Floor, Suite 1801
New York, New York 10119
(212) 244-9500