UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/10

JEAN P. SIMON, M.D.,

Plaintiff,

\- against -

UNUM GROUP F/K/A UNUMPROVIDENT CORPORATION and PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**07 Civ. 11426 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

By an Opinion and Order dated June 23, 2010 I awarded Jonathan Sack attorneys' fees and prejudgment interest against Dr. Jean P. Simon in the amount of $102,394.76.[1] Simon – an obstetrician/gynecologist – was the plaintiff in an action before this Court in which he sought residual disability payments from defendant insurance companies due to an injury that allegedly limited his ability to

---

[1] *See Simon v. Unum*, No. 07 Civ. 11426, 2010 WL 2541145 (S.D.N.Y. June 23, 2010).

perform professional services.[2] Sack was counsel of record for Simon in that action for approximately thirteen months until he was dismissed on October 28, 2008.[3] Following substitution of counsel and further motion practice,[4] the action was concluded with a settlement in Simon's favor.[5] Simon now moves for reconsideration of this Court's grant of attorneys' fees and prejudgment interest.

## II. APPLICABLE LAW

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[6] A motion for reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might

---

2 *See* 3/11/10 Stipulation of Dismissal with Prejudice.

3 *See* 10/28/08 Notice of Substitution of Counsel.

4 *See Simon v. Unum Group*, No. 07 Civ. 11426, 2009 WL 2596618 (S.D.N.Y. Aug. 21, 2009); *Simon v. Unum Group*, No. 07 Civ. 11426, 2009 WL 857635 (S.D.N.Y. Mar. 30, 2009).

5 *See* 10/30/09 Order of Discontinuance. The action was subsequently dismissed with prejudice after settlement was finalized. See 3/13/10 Stipulation of Dismissal with Prejudice.

6 *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

reasonably be expected to alter the conclusion reached by the court."[7] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[8]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[9] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[10] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to

---

[7] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks and citation omitted).

[8] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[9] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[10] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[11] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[12] nor is it a substitute for appeal.[13]

## III. DISCUSSION

Simon raises three issues on this motion for reconsideration. *First*, he argues that Sack is not entitled to attorneys' fees because he did not comply with New York's letter of engagement rule – which "requires attorneys to provide all clients with a written letter of engagement explaining the scope of legal services, the fees to be charged, billing practices to be followed, and the right to arbitrate a dispute under Rules of the Chief Administrator of the Courts . . . ."[14] This issue was dealt with in the June 23 Opinion and Simon has not submitted any controlling decisions that would require this Court to vacate its determination that a failure to

---

[11] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[12] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[13] *See Grand Crossing,* 2008 WL 4525400, at *3.

[14] *Seth Rubenstein, P.C. v. Ganea*, 833 N.Y. S.2d 566, 570 (2d Dep't 2007) (citing 22 NYCRR 1215.1).

comply with the letter of engagement rule "does not prevent an attorney from recovering fees in *quantum meruit* provided that the other requirements for such recovery are satisfied."[15]

The only two New York cases cited by Simon are trial court decisions that predate the appellate court decisions cited in the June 23 Opinion. The first, *Altman v. Myers*, is a New York Supreme Court case wherein the court specifically notes that it was "aware of no appellate authority on the issue of whether the failure to comply [with the letter of engagement rule] prevents recovery."[16] Since that decision, several appellate courts have held that an attorney's failure to comply with the letter of engagement rule does not bar recovery in *quantum meruit.*[17] The second, *Beech v. Lefcourt*,[18] is a New York City Civil Court case with which the Second Department Appellate Division has explicitly disagreed.[19]

*Second*, Simon argues that Sack is not entitled to attorneys' fees

---

[15] *Simon*, 2010 WL 2541145, at *3 (citing *Miller v. Nadler*, 875 N.Y.S.2d 461, 462 (1st Dep't 2009); *Chase v. Bowen*, 853 N.Y.S.2d 819, 819 (4th Dep't 2008); *Seth Rubenstein, P.C.*, 833 N.Y.S.2d at 572).

[16] No. 05 Civ. 604401, 2006 N.Y. Misc. LEXIS 4418, at *16 (Sup. Ct. N.Y. Co. Sept. 18, 2006).

[17] *See, e.g.*, *Miller*, 875 N.Y.S.2d at 46.

[18] 820 N.Y.S.2d 841 (Civ. Ct. N.Y. Co. 2006),

[19] *Seth Rubenstein, P.C.*, 833 N.Y.S.2d at 572.

because he was discharged for cause. Simon is correct that an attorney is not entitled to legal fees if he or she is discharged for cause.[20] However, this issue was already dealt with in the July 23 Opinion[21] and Simon has not submitted "any controlling decisions or data that the court overlooked. . . ."[22] Simon has simply regurgitated several arguments that have already been considered and rejected by this Court.

*Third*, Simon argues that prejudgment interest on the attorneys' fees award should have been calculated from the date of settlement rather than the date of discharge. Simon cites *Klein v. Eubank* in support of that proposition.[23] I respectfully disagree with this decision – which is not controlling. "Under New York law, a lawyer's right to recover in *quantum meruit* accrues immediately upon discharge"[24] and interest is "computed from the earliest date the cause of action

---

20 *See Universal Acupuncture Pain Servs. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) (citing *Teichner by Teichner v. W & J Holsteins, Inc.*, 64 N.Y. 2d 977, 979 (1985)).

21 *See Simon*, 2010 WL 2541145, at *3.

22 *In re BDC*, 330 F.3d at 123 (quotation marks and citation omitted).

23 693 N.Y.S.2d 541, 541 (1st Dep't 1999).

24 *Universal Acupuncture Pain Servs.*, 370 F.3d at 263 (citing *Cohen v. Grainger, Tesoriero & Bell*, 602 N.Y.S.2d 788, 789 (1993)) (other citations omitted).

[for attorneys' fees] existed."[25] Accordingly, interest properly accrues from the date of discharge.[26]

## IV. CONCLUSION

For the reasons stated in this Opinion, Simon's motion for reconsideration is denied. The Clerk of Court is directed to close this motion (Docket No. 89).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: July 13, 2010
New York, New York

---

[25] New York Civil Practice Law and Rules § 5001.

[26] *See D'Jamoos v. Griffith*, 340 Fed. Appx. 737, 742 (2d Cir. 2009) ("Moreover, the district court's decision to award prejudgment interest at New York's statutory rate from the date on which [the attorney] was discharged was also appropriate."); *Olgetree, Deakins, Nash, Smoak & Stewart P.C. v. Albany Steel Inc.*, 663 N.Y.S.2d 313, 315-16 (3d Dep't 1997) (stating that interest on attorneys' fees recovered in *quantum meruit* should be calculated from the date of the final bill – which was the date when the law firm "completed all of its legal services for defendant").

**- Appearances -**

**For Petitioner:**

Jonathan Sack, Esq.
Eric Robert Stern, Esq.
Sacks & Sacks, LLP
150 Broadway, 4th Floor
New York , NY 10038
Tel: (212) 702-9000
Fax: (212) 702-9702

**Plaintiff (Pro Se):**

Jean P. Simon
36 E. 70th Street
New York, NY 10021
Tel: (212) 677-1000
Fax: (212) 717-1171